UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | Case No. 19-cr-0009 (WMW/LIB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO RECONSIDER** |
| v. | |
| Kristopher Sullivan (2), | |
| Defendant. | |

On June 6, 2019, Defendant Kristopher Sullivan pleaded guilty to conspiracy to distribute heroin, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. At the conclusion of the hearing, the Court remanded Sullivan to the custody of the United States Marshals Service pursuant to the Mandatory Detention Act. 18 U.S.C. § 3143(a)(2). Sullivan now moves for reconsideration of that order. (Dkt. 110.)

Sullivan is subject to mandatory detention pending sentencing because the offense to which he pleaded guilty is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and carries a maximum term of imprisonment of ten years or more. *See* 18 U.S.C. § 3142(f)(1)(C) (incorporated by reference in 18 U.S.C. § 3143(a)(2)). A defendant subject to mandatory detention pending sentencing may be released only for "exceptional reasons." 18 U.S.C. § 3145(c). At the June 6, 2019 plea hearing, the Court did not find Sullivan's circumstances to be "exceptional," and remanded him to custody.

A party is not permitted to file a motion to reconsider without first obtaining the district court's permission based on a showing of "compelling circumstances." LR 7.1(j).[1] "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (internal quotation marks omitted).

Sullivan did not request permission to file this motion to reconsider. And Sullivan has neither identified a manifest error of law in the Court's detention order nor presented newly discovered evidence. Sullivan merely repeats arguments that he made and the Court considered at the June 6, 2019 plea hearing. For these reasons, the Court denies Sullivan's motion.

Based on the foregoing analysis and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Kristopher Sullivan's motion to reconsider, (Dkt. 110), is **DENIED**.

Dated: August 15, 2019  s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[1] Local Rule 7.1(j) appears in a section of the Local Rules applicable to "Civil Motion Practice," but Courts in this district have applied the same legal standard to reconsideration motions filed in criminal cases. *See, e.g.*, *United States v. Benjamin*, No. 11-cr-294, 2017 WL 1067742, at *2 (D. Minn. Mar. 22, 2017); *United States v. Lockett*, No. 03-cr-88, 2014 WL 117468, at *1 (D. Minn. Jan. 13, 2014); *United States v. Tate*, No. 08-cr-0030, 2012 WL 2885001, at *1 (D. Minn. Jul. 13, 2012).