UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0009 (2) (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Kristopher Sullivan, | |
| Defendant. | |

This matter is before the Court on Defendant Kristopher Sullivan's pro se motion to vacate under 28 U.S.C. 2255, (Dkt. 214), Sullivan's pro se amended supplemental motion 28 U.S.C. § 2255 to vacate, set aside sentence, (Dkt. 218), Sullivan's pro se motion to reduce sentence - First Step Act, (Dkt. 220), Sullivan's pro se motion to appoint counsel, (Dkt. 221), Sullivan's pro se amended supplemental motion title 28 U.S.C. 2255 vacate, set aside, correct sentence, (Dkt. 222), Sullivan's pro se motion to appoint counsel, (Dkt. 223), Sullivan's pro se amended-motion 28 U.S.C. 2255, (Dkt. 224), and Plaintiff United States of America's motion to dismiss Defendant's motion to vacate sentence under 28 U.S.C. § 2255 as time-barred. (Dkt. 219.) Because Sullivan's motions to vacate are untimely and Sullivan has not established a basis for equitable tolling of the statutory deadline, Sullivan's motions to vacate his sentence are denied and the United States of America's motion to dismiss is granted.

## BACKGROUND

Sullivan pleaded guilty on June 6, 2019, to one count of Conspiracy to Distribute Heroin, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Dkts. 101, 104 ¶ 2.) On October 9, 2019, the Court imposed a sentence of 60 months' imprisonment. (Dkt. 160.) Sullivan moved to vacate his sentence under Section 2255 on May 19, 2023. (Dkt. 214.) The Court subsequently ordered briefing by the parties. (Dkt. 216.) The United States of America argues that the motion is untimely and should be dismissed. (Dkt. 219.) In response, Sullivan contends that he received ineffective assistance of counsel and urges the Court to equitably toll the statutory deadline for filing a Section 2255 motion and to accept his untimely submission. Sullivan also filed numerous motions, including a motion under the First Step Act to reduce his sentence, a motion to appoint counsel, a second amended supplemental motion invoking 28 U.S.C. § 2255 to address the vacation, setting aside, and correction of the sentence, a second motion to appoint counsel, and a third amended motion under 28 U.S.C. § 2255. (Dkts. 218, 220, 221, 222, 223, 224.)

## ANALYSIS

A Section 2255 motion to vacate a conviction or sentence must be filed within one year after a judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, it is undisputed that Sullivan's Section 2255 motion is untimely. Sullivan asks this Court to equitably toll the statutory deadline and deem his motion timely.

The statutory deadline in Section 2255 "is not jurisdictional and is therefore subject to the doctrine of equitable tolling." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). "Equitable tolling is an

2

extraordinary remedy that affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (internal quotation marks omitted).  A district court may grant an extension of time to file a Section 2255 motion *only* if the defendant demonstrates that "'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001).  Equitable tolling is available to Sullivan only if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Chachanko*, 935 F.3d at 629 (internal quotation marks omitted).  The extraordinary circumstances must be circumstances beyond his control.  *See, e.g.*, *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Sullivan challenges his guilty plea and sentence based on claims of ineffective assistance of counsel.  Sullivan contends that his drug conspiracy conviction is no longer a "serious controlled substance offense" under the Sentencing Guidelines.  However, his motion is untimely because it was filed more than two years after the one-year filing deadline.  Sullivan also does not qualify for equitable tolling because he failed to provide evidence of impairment, diligence in pursuing his rights, or any extraordinary circumstances that hindered his timely filing.  Equitable tolling is generally not justified due to the absence of legal resources for an unrepresented prisoner. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013); *accord Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003).  Here, Sullivan filed his Section 2255 motion more than two years after his filing period had expired.  Because Sullivan's conviction was final on November

1, 2019, he had until November 1, 2020, to submit his Section 2255 motion. Sullivan submitted the motion on May 19, 2023. Because Sullivan's motion was submitted after the filing deadline and there are no grounds for equitable tolling, the Court denies the Section 2255 motion. Additionally, Sullivan's amended supplemental motions are time-barred.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Kristopher Sullivan's pro se motion to vacate under 28 U.S.C. 2255, (Dkt. 214), is **DENIED**;

2. Defendant Kristopher Sullivan's pro se amended supplemental motion 28 U.S.C. § 2255 to vacate, set aside sentence, (Dkt. 218), is **DENIED**;

3. Defendant Kristopher Sullivan's pro se motion to reduce sentence - First Step Act, (Dkt. 220), is **DENIED**;

4. Defendant Kristopher Sullivan's pro se motion to appoint counsel, (Dkt. 221), is **DENIED**;

5. Defendant Kristopher Sullivan's pro se amended supplemental motion title 28 U.S.C. 2255 vacate, set aside, correct sentence, (Dkt. 222), is **DENIED**;

6. Defendant Kristopher Sullivan's pro se motion to appoint counsel, (Dkt. 223), is **DENIED**;

7. Defendant Kristopher Sullivan's pro se amended-motion 28 U.S.C. 2255, (Dkt. 224), is **DENIED**; and

8. Plaintiff United States of America's motion to dismiss, (Dkt. 219), is **GRANTED**.

9. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 29, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge